NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0364n.06

No. 10-6514

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 04, 2012*

LEONARD GREEN, Clerk

DIANE WELLS                                    )
                                               )
            Plaintiff - Appellant              )
v.                                             )
                                               )   ON APPEAL FROM THE
CRAIG & LANDRETH CARS, INC.; J.P.              )   UNITED STATES DISTRICT
MORGAN CHASE BANK, N.A., Auto                  )   COURT FOR THE WESTERN
Finance; KENTUCKY TELCO FEDERAL                )   DISTRICT OF KENTUCKY
CREDIT UNION; FIRST AMERICAN                   )
CREDCO; TRANS UNION, LLC,                       )
                                               )
            Defendants,                        )
and                                            )
                                               )
CAPITAL ONE AUTO FINANCE, INC.                 )
                                               )
            Defendant - Appellee.              )
                                               )

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Diane Wells, a pro se Kentucky resident, appeals a district court order that dismissed her claims against Capital One Auto Finance, Inc. (Capital One), alleging violations of the Kentucky Consumer Protection Act, Ky. Rev. Stat. § 367.170, the Kentucky Uniform Electronic Transactions Act, Ky. Rev. Stat. § 369.105, the Fair Credit Reporting Act, 15 U.S.C. § 1681b, and the Equal Credit Opportunity Act, 15 U.S.C. § 1691.

Wells sued a car dealership (Craig & Landreth), a credit reporting company, and several lending institutions, including Capital One. Wells had signed a purchase order for an automobile with Craig & Landreth. However, Wells alleged that she never completed a credit application with

the dealership and that she told the dealership that she would seek financing from her credit union.

Nevertheless, Craig & Landreth made an electronic application for credit on her behalf with several

lending institutions, including Capital One. Capital One declined to extend Wells credit after

making an inquiry into her credit history.

The district court granted Capital One's motion for dismissal on November 19, 2010. *See*

Fed. R. Civ. P. 12(b)(6). Wells then filed a timely appeal.

We review the dismissal of Wells's claims against Capital One de novo. *See Grinter v.

Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). "[O]nce a claim has been stated adequately, it may

be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl.

Corp. v. Twombly*, 550 U.S. 544, 563 (2007). However, the complaint must provide "enough facts

to state a claim to relief that is plausible on its face." *Id.* at 570.

Wells's claims were wholly conclusory insofar as she alleged that Capital One violated the

Kentucky Consumer Protection Act and the Kentucky Uniform Electronic Transactions Act. In this

regard, the district court properly noted that Wells had not alleged any facts that might support an

inference that Capital One acted in an unfair, false, misleading, or deceptive manner, as required for

consumer-protection claims under Kentucky law. *See* Ky. Rev. Stat. § 367.170; *Sparks v. Re/Max

Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000).

Wells now argues that she has a viable claim under Kentucky common law regarding her

right to privacy. She did not, however, raise a privacy claim against Capital One in her amended

complaint. We do not address a claim that is presented for the first time on appeal unless failure to

do so would result in a miscarriage of justice. *See Overstreet v. Lexington-Fayette Urban Cnty.

Gov't*, 305 F.3d 566, 578 (6th Cir. 2002). No such miscarriage of justice would occur in this case.

The district court properly found that Wells had not alleged that Capital One discriminated against her for any of the reasons that are proscribed by the Equal Credit Opportunity Act, 15 U.S.C. § 1691(a). Instead, Wells alleged that Capital One violated that Act by failing to use one of the model application forms that are set forth in an appendix to the corresponding regulations. This claim is unavailing because the cited regulation plainly states that "[a]ll forms contained in this appendix are models; their use by creditors is optional." 12 C.F.R. § 202, App. B.

In her remaining claim, Wells alleged that Capital One violated the Fair Credit Reporting Act by accessing her credit report without her written authorization. *See* 15 U.S.C. § 1681b(a)(2). The Act allows disclosure of credit information to an entity that "intends to use the information in connection with a credit transaction" that involves extending credit to the consumer. 15 U.S.C. § 1681b(a)(3)(A). There is nothing in Wells's amended complaint which might show that Capital One had reason to believe that she did not wish the dealership to file an application on her behalf. Thus, her allegations are insufficient because they do not indicate that Capital One intended to violate her rights under the Act or that it did so recklessly.

Finally, Wells argues that the district court should have allowed her more time to discover evidence. However, Wells did not move for additional time for discovery or seek more time to respond to Capital One's motion to dismiss. The district court acted within its discretion by ruling on the dismissal motion in light of the allegations in Wells's second amended complaint.

The district court's judgment is affirmed.